*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 4, 2016

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York  10007

  **Re:** *United States* **v.** *Guy Jenkins*, **15 Cr. 451 (LTS)**

Dear Judge Swain:

  The defendant in the above-captioned case, Guy Jenkins, is scheduled to be sentenced on March 9, 2016, for the offense in this case; namely, aiding and assisting the preparation of false and fraudulent United States individual income tax returns, in violation of Title 26, United States Code, Section 7206(2).  The Government respectfully submits this letter in advance of the sentencing and in response to the defendant's pre-sentence submission ("Def. Mem.").

  Under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the Government submits that the sentencing range applicable to the defendant's conduct is 24 to 30 months' imprisonment.  For the reasons set forth below, the Government respectfully submits that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to meet the legitimate purposes of sentencing.

## Background

  Counts One through Twenty of the Indictment in this case charge that the defendant, in the Southern District of New York, willfully and knowingly aided, assisted, and advised in the preparation of false and fraudulent federal tax returns from in or about 2009 through in or about 2012.  (*See* Probation Department's Pre-Sentence Investigation Report ("PSR") ¶¶ 1-2.)

  On September 24, 2015, the defendant appeared before this Court and pleaded guilty to Counts One through Twenty of the Information.  (*See id.* ¶ 3.)  As agreed by the parties, and as calculated by the Probation Office, the defendant's Guidelines sentencing range is 30 to 37 months' imprisonment (the "Guidelines Range").  (*See id*. ¶ 3; *see also* the Plea Agreement dated August 31, 2015.)

## Discussion

The general purposes of sentencing include the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See United States* v. *Park*, 758 F.3d 193, 197 (2d Cir. 2014) (citing 18 U.S.C. § 3553(a)(2)).

Here, the defendant was in the business of preparing individual federal and state tax returns, and used that business to falsify tax returns, resulting in significant losses to the Government. This is a serious crime, occurring over multiple years and including multiple individuals, many of them repeat customers.

Notably, deterrence is particularly important in cases of tax fraud, which is often difficult to detect. As the Guidelines make clear, "[b]ecause of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators." U.S.S.G. ch. 2, part T (intro. cmt.).

## Conclusion

Accordingly, the Government respectfully submits that a sentence within the Guidelines Range would be appropriate.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     /s/ *Alex Rossmiller*
      Alex Rossmiller
      Assistant United States Attorney
      Tel.: (212) 637-2415

Cc: Derek Etheridge, counsel for defendant (via ECF)